# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF MISSOURI
# WESTERN DIVISION

| | |
|---|---|
| ACTION MAILING CORP., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 08-0671-CV-W-GAF |
| ) | |
| HEWLETT-PACKARD COMPANY, ) | |
| ) | |
| Defendant. ) | |

## ORDER DENYING MOTION FOR RECONSIDERATION

Presently before the Court is Plaintiff Action Mailing Corp.'s ("Plaintiff") Motion for Reconsideration of Order Granting Summary Judgment filed pursuant to Fed. R. Civ. P. 59(e). (Doc. #55). Plaintiff argues "there are manifest errors of law and fact in the Court's Order" and accuses the Court of "robbing" its opportunity to litigate certain issues. *Id.* at pp. 2, 7. Defendant Hewlett-Packard Company ("Defendant") opposes, contending Plaintiff's Motion merely relitigates and reargues matters previously presented to and considered by the Court. (Doc. #57). For the following reasons, Plaintiff's Motion is DENIED.

## DISCUSSION

A motion for reconsideration "serves the limited function of correcting manifest errors of law or fact or to present newly discovered evidence." *Innovative Home Health Care, Inc. v. P.T.-O.T. Assoc. of the Black Hills*, 141 F.3d 1284, 1286 (8th Cir. 1998) (internal quotation marks and citations omitted). A district court has broad discretion when ruling on a motion filed pursuant to Rule 59(e). *United States v. Metro. St. Louis Sewer Dist.*, 440 F.3d 930 (8th Cir. 2006). "Such motions cannot be used to introduce new evidence, tender new legal theories, or raise arguments

which could have been offered or raised prior to entry of judgment." *Innovative Home Health Care*, 141 F.3d at 1286.

On October 26, 2009, the Court granted Defendant's Motion for Summary Judgment, finding Plaintiff's claims against Defendant were barred by the one-year statute of limitation agreed to by the parties. (Doc. #53). Plaintiff spends much of its brief alleging the Court erroneously did not address the substantive merits of its claims. However, where the undisputed evidence conclusively demonstrates that the claim is barred by the applicable statute of limitation, summary judgment is properly granted. *See Missouri ex rel. Hamilton v. Dalton*, 652 S.W.2d 237, 239 (Mo. Ct. App. 1983). Therefore, the Court did not err by limiting its discussion to the procedural grounds for judgment in Defendant's favor.

Plaintiff next attacks the Order because the Court did not to rely on a non-controlling case from Illinois regarding the issue of whether Defendant waived its statute of limitation defense by asserting a counterclaim. Plaintiff provides no further support for its position. Rather, it rehashes the arguments previously submitted, and the Court will not reconsider them here. *See Broadway v. Norris*, 193 F.3d 987, 990 (8th Cir. 1999) ("[A motion for reconsideration] is not a vehicle for simple reargument on the merits.").

Nor did the Court err by granting summary judgment on Defendant's counterclaim. Defendant requested summary judgment on its counterclaim in its Motion. (Doc. #36, ¶12; Doc. #37, p. 25). Plaintiff had the opportunity to respond to these arguments but failed to do so. (Doc. #44). Because it is improper to raise arguments in a motion for reconsideration that could have been raised prior to the entry of judgment, *see Anjulo-Lopez v. United States*, 541 F.3d 814, 818 (8th Cir.

2

2008), it would be improper to address Plaintiff's arguments opposing Defendant's counterclaims here.

## **CONCLUSION**

Plaintiff attempts to relitigate and reargue issues previously raised during the briefing of Defendant's Motion for Summary Judgment. Plaintiff has not shown manifest errors of law or fact and presents no newly discovered evidence. Plaintiff's Motion for Reconsideration is therefore DENIED.

**IT IS SO ORDERED.**

                                                s/ Gary A. Fenner
                                                Gary A. Fenner, Judge
                                                United States District Court

DATED: December 15, 2009